**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LAWRENCE DELLOYE,

        Plaintiff,

    v.

REVOLUTIONARY ARMED
FORCES OF COLOMBIA, *et al.*,

        Defendants.

No. 4:18-CV-01307

(Chief Judge Brann)

**MEMORANDUM OPINION**

**JANUARY 4, 2022**

## I.    BACKGROUND

This case was initially filed by Plaintiff Lawrence Delloye on June 28, 2018. Only Defendant Juan Jose Martinez Vega answered Delloye's complaint or otherwise entered an appearance.  After Delloye moved for entry of default, the Clerk of Court entered default against the following fourteen Defendants: Yarlei Banol-Ramos, Jose Antonio Celis, Martin Cuero, Henry Castallanos Garzon, Juan Diego Giraldo, Josue Cuesta Leon, Luciano Marin, Jose Fernando Romero Mejia, Jorge Enrique Rodriquez Mendiata, Heli Mejia Mendoza, Revolutionary Armed Forces of Columbia ("FARC"), Noe Suarez Rojas, Walter Tapiero, and Nayibe Rojas Valderman.  For the past three and a half years, these fourteen Defendants have failed to appear before this Court at all.

Delloye has moved for a default judgment against these fourteen Defendants only.  Still, these fourteen Defendants have refused to respond, and therefore the motion is now ripe for disposition.  For the reasons that follow, the motion is granted.

## II.   DISCUSSION

### A.   Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[1]  "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[2]  "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[3]  It is "well settled that decisions relating to default judgments are committed to the sound discretion of the district court."[4]

The Court must consider three factors in deciding whether to grant default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[5]  "But when a defendant has failed to appear or respond

---

[1]   Fed. R. Civ. P. 55(b)(2).

[2]   *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).

[3]   10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).

[4]   *Pesotski v. Summa & Lezzi, Inc.*, 2017 WL 3310951 at *2 (M.D. Pa. Aug. 3, 2017).

[5]   *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)."[6]  In cases where a defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[7]

The Court nevertheless considers those factors for the sake of completeness; in this case, they favor the grant of default judgment.  First, Delloye would be prejudiced by his "current inability to proceed with [his] action due to Defendants' failure to defend."[8]  Defendants' decision to not appear before this Court would otherwise prevent Delloye from recovering any damages for his claim.

Similarly, the second factor points in favor of the grant of default judgment. "Defendant[s] [have] not responded to the allegations and, thereby, [have] failed to assert a defense."[9]  Finally, there does not appear to be any excuse for Defendants' failure to appear or otherwise respond to Delloye's complaint.  Through publication and the United States Marshals Service, Delloye has served every one of the fourteen Defendants against whom the Clerk entered default.  Still, these fourteen Defendants have yet to respond or appear in this action.  Because these fourteen Defendants have offered no explanation for their failure to engage in the litigation, the Court finds

---

[6]  *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).

[7]  *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

[8]  *Broad. Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).

[9]  *Pesotski*, at *3.

that they are culpable.[10]    Therefore, default judgment is appropriate in these circumstances.

A finding that default judgment is warranted, however, "is not the end of the inquiry."[11]  First, the Court must consider whether the "unchallenged facts constitute a legitimate cause of action."[12]  Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[13]  Delloye's complaint asserts a violation of the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333.  The Court now considers whether the allegations in the complaint, taken as true, state a claim under that statute.

### B.    The Facts Alleged in the Complaint

The facts alleged in the complaint, which I accept as true for the purposes of determining whether Delloye has stated a claim, are as follows.

On February 23, 2002, FARC kidnapped Delloye's mother, Ingrid Betancourt.[14]  Defendants were high-ranking FARC members who participated in FARC's decision to kidnap Betancourt and hold her hostage.[15]  They did so to

---

[10]  *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).

[11]  *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).

[12]  *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp. 2d 537, 541 (E.D. Pa. 2008).

[13]  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

[14]  Doc. 1 at ¶ 2.

[15]  *Id.* at ¶ 22.

influence American and Colombian policy, prevent military action, further drug trafficking, inflict terror on Americans, and demand FARC members' release.[16]

As FARC held Betancourt hostage, it starved, threatened, and otherwise mistreated her.[17]   FARC also released several hostage videos showing that Betancourt was alive.  These videos caused Delloye immense emotional distress, which manifested in sleepless nights and educational losses.[18]

On December 1, 2007, FARC released yet another video.[19]  In it, Betancourt was sitting on a bench in the dark jungle and describing the harsh conditions.[20]  After seeing the video, Delloye woke up every morning with a knot in his stomach.[21]  And unable to escape the thought of his mother's being held hostage, Delloye missed classes at his university.[22]

On July 2, 2008, Betancourt was rescued and released.[23]  Still, it was not easy for Delloye to reconnect with his mother.[24]  He continues to suffer emotional distress from her kidnapping.[25]

---

[16]  *Id.* at ¶¶ 26–28, 35, 45.
[17]  *Id.* at ¶ 30.
[18]  *Id.* at ¶¶ 48, 54–55.
[19]  *Id.* at ¶ 68.
[20]  *Id.* at ¶¶ 68–69.
[21]  *Id.* at ¶ 70.
[22]  *Id.* at ¶ 71.
[23]  *Id.* at ¶ 3.
[24]  *Id.* at ¶ 76.
[25]  *Id.* at ¶ 79.

### C.    Plaintiff's Claims

First, Delloye argues that he has pled a cognizable claim under the ATA.  The ATA defines international terrorism as activities that "(A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State; (B) appear to be intended . . . to affect the conduct of a government by mass destruction, assassination, or kidnapping; and (C) occur primarily outside the territorial jurisdiction of the United States."[26]

Here, Delloye alleges that FARC kidnapped and tortured his mother, conduct that violates criminal law.[27]  Delloye also alleges that FARC did so to intimidate and coerce governments into releasing FARC members.[28]  Moreover, Delloye alleges that FARC kidnapped his mother outside the territorial jurisdiction of the United States.[29]  Thus, Delloye has stated a claim under the ATA.

### D.    Statute of Limitations

Next, Delloye argues that he timely filed this claim.  Under the ATA, "a suit for recovery of damages . . . shall not be maintained unless commenced within 10 years after the date the cause of action accrued."[30]  Delloye filed this suit almost ten

---

[26]  18 U.S.C. § 2331(1).
[27]  Doc. 1 at ¶¶ 26–39.
[28]  *Id.* at ¶ 45.
[29]  *Id.* at ¶ 85.
[30]  18 U.S.C. § 2335(a).

years after his mother's release in 2008, but more than sixteen years after her kidnapping in 2002. Thus, this Court requested additional briefing on timeliness when it denied Delloye's prior motion for a default judgment.[31]

In the Defense Authorization Act of 2013, the United States Congress extended the ATA's statute of limitations. Congress provided that "[n]otwithstanding section 2335 of title 18, United States Code, as amended by subsection (a), a civil action under section 2333 of such title resulting from an act of international terrorism that occurred on or after September 11, 2001, and before the date that is 4 years before the date of the enactment of this Act, may be maintained if the civil action is commenced during the 6-year period beginning on such date of enactment [Jan. 2, 2013]."[32]

That extension applies here. Delloye's mother was kidnapped in 2002 and released in 2008. So this act of international terrorism occurred after September 11, 2011, and before January 2, 2009. And Delloye commenced this action on June 28, 2018, which is within the six years beginning on January 2, 2013. Thus, Delloye timely sued.

## E.   Damages

Having found that Delloye has timely stated a legitimate cause of action, the Court considers the amount of damages he is entitled to. Delloye seeks damages of

---

[31] Doc. 52.
[32] Pub. L. No. 112-239, § 1251(c), 126 Stat. 2017.

$12 million before trebling and attorneys' fees and costs.  Under the ATA, Delloye may "recover threefold the damages he . . . sustains and the cost of the suit, including attorney's fees."[33]  Indeed, federal district courts have awarded terrorism victims' children millions of dollars in damages following default judgments.[34]

In his declaration, Delloye attests to how the kidnapping "destroyed [his] sense of confidence, the trust in life and in others, impairing [his] ability to show affection and receive love."[35]  Delloye further states that "FARC subjected [him] to psychological torture and to emotional abandonment through [his] mother's absence," which lasted over six years.[36]  Delloye's family members corroborate Delloye's declaration in their own declarations.[37]

The Court finds these uncontroverted declarations credible and sufficient to determine damages without a hearing.[38]  Carefully considering these declarations alongside previous damages awards for terrorism, the Court also finds $12 million

---

[33]  18 U.S.C. §2333(a).

[34]  *See Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, No. 8:09-CV-2308-T-26MAP, 2010 WL 11507790, at *4 (M.D. Fla. June 14, 2010) (awarding victim's children $5 million each before trebling); *Knox v. Palestine Liberation Org.*, 442 F. Supp. 2d 62, 80 (S.D.N.Y. 2006) (same); *Alejandre v. Republic of Cuba*, 996 F. Supp. 1239, 1249 (S.D. Fla. 1997) (awarding victim's daughter $8 million).

[35]  Doc. 53, Delloye Decl., at ¶ 89.

[36]  *Id.* at ¶ 91.

[37]  Doc. 53, Decls. Supporting Delloye Decl.

[38]  *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009) ("For the reasons that follow, we do not believe [appellant] has shown an abuse of discretion in the District Court's decision to award only nominal damages in the absence of a hearing."); *see also Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 684 (3d Cir. 1988) ("We also conclude that the district court's refusal to hold an adversary hearing to determine damages was not improper.").

in compensatory damages appropriate for Delloye, an adolescent during his mother's six-year absence.[39]  Thus, Delloye's motion for a default judgment of $12 million before trebling along with attorney's fees and costs is granted.

## III.   CONCLUSION

Delloye has timely stated a claim under the ATA.  And the Court finds that he is entitled to compensatory damages of $12 million before trebling along with attorneys' fees and costs.  Accordingly, Delloye's motion for a default judgment is fully granted.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[39]  *Higgins v. Islamic Republic of Iran*, No. 1:99CV00377, 2000 WL 33674311, at *9 (D.D.C. Sept. 21, 2000) (awarding $12 million in compensatory damages to terrorism victim's adolescent child).