IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE DELLOYE, | No. 4:18-CV-01307 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| REVOLUTIONARY ARMED FORCES OF COLOMBIA, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 23, 2022

## I.  BACKGROUND

On January 4, 2022, the Court granted Plaintiff Lawrence Delloye's motion for default judgment against the following Defendants: Yarlei Banol-Ramos, Jose Antonio Celis, Martin Cuero, Henry Castallanos Garzon, Juan Diego Giraldo, Josue Cuesta Leon, Luciano Marin, Jose Fernando Romero Mejia, Jorge Enrique Rodriquez Mendiata, Heli Mejia Mendoza, Revolutionary Armed Forces of Columbia ("FARC"), Noe Suarez Rojas, Walter Tapiero, and Nayibe Rojas Valderman.[1]  For the past three and a half years, these Defendants have failed to appear before this Court at all.

---

[1] Docs. 56, 57.

In its January 4, 2022, Memorandum Opinion, the Court also granted Delloye damages, attorney's fees, and costs under the Antiterrorism Act ("ATA"), 18 U.S.C. §2333(a).[2]  So Delloye's attorneys have filed a bill of costs and affidavits of legal services.  For the following reasons, this bill of costs and these affidavits of legal services are approved.  Reasonable attorney's fees and litigation costs are awarded.

## II.   DISCUSSION

### A.   Service Waiver

In his bill of costs, Delloye indicates that he served Defendants via substitute service through publication.[3]   But Delloye's attorneys ask this Court to waive any requirement that they serve Defendants with their respective affidavits of legal services.[4]   Indeed, "[n]o service is required on a party who is in default for failing to appear."[5]   Because the Court granted default judgment against Defendants who failed to appear,[6]  the Court will proceed to evaluate the affidavits and bill of costs here.

### B.   Attorney's Fees

Delloye's attorneys have submitted affidavits detailing their fees.   Under the ATA, a prevailing plaintiff "shall recover threefold the damages he or she sustains

---

[2]   Doc. 56 at 8–9.
[3]   Doc. 59.
[4]   Docs. 60 at 3, 61 at 3.
[5]   Fed. R. Civ. P. 5(a)(2).
[6]   Docs. 56, 57.

and the cost of the suit, including attorney's fees."[7]  Because Delloye prevailed in securing damages under the ATA, he is entitled to attorney's fees.

As for the amount of attorney's fees, Defendants do not oppose or otherwise dispute Delloye's attorneys' figures.  And the parties do not request an evidentiary hearing.  Because further factfinding is unnecessary, the Court will determine attorney's fees without a hearing.[8]

In total, Scarinci & Hollenbeck, LLC, requests $189,725.78 in attorney's fees.[9]  Zajac & Arias, LLC, also requests $10,850 in attorney's fees.[10]  Both firms have submitted time entries detailing the time their attorneys expended and the corresponding hourly rates.  After carefully reviewing the affidavits and time entries, the Court finds that the time entries are not redundant or excessive.  The Court also finds that Delloye's attorneys reasonably expended these hours in litigation.

The Court further finds the corresponding hourly rates reasonable in comparison to the prevailing rates in the area.  These rates will not result in a windfall to Delloye's attorneys.  Accordingly, both firms' requests for attorney's fees are approved.

---

[7]   18 U.S.C. §2333(a).
[8]   *See Drelles v. Metro. Life Ins. Co.*, 90 F. App'x 587, 591 (3d Cir. 2004).
[9]   Doc. 60 at 3.
[10]  Doc. 61 at 3.

### C.   Costs

Finally, Delloye's attorneys request certain costs.  Under the ATA, a prevailing plaintiff "shall recover . . . the costs of the suit."[11]  Indeed, Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party."

Here, Scarinci & Hollenbeck, LLC, requests $3,277.52 in service fees.[12]  Zajac & Arias, LLC, also requests $450 in costs, all for filing fees.[13]  These are both taxable items under Local Rule 54.4.  Accordingly, the Court finds that Delloye's attorneys reasonably incurred these litigation costs.  Both firms' requests for litigation costs are approved.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[11]   18 U.S.C. §2333(a).
[12]   Doc. 60 at 3.
[13]   Doc. 61 at 3.